HAYNES, Circuit Judge,
concurring:
I concur in the judgment of the court. However, I do not join in all of the underlying reasoning. Specifically, I would not reach the issue of intertwined claims es-toppel addressed in Section III.B. (and part of IV) because it is unnecessary to do so. I conclude that all of Hays’s claims either clearly meet the test for direct benefits estoppel or constitute the kind of “artful pleading” designed to avoid direct benefits estoppel that the Texas Supreme Court found ineffectual to do so in In re Merrill Lynch Trust Co. FSB, 235 S.W.3d 185, 188-90 (Tex. 2007). Put another way, the.Texas Supreme Court made clear that a party cannot avoid the effects of direct benefits estoppel by “artful pleading.” Id. That is what Hays endeavored to do here. Existing law, without the need for an “Erie guess,” thus supports the district court’s order sending all of these claims to arbitration. Thus, I concur in the judgment affirming the district court but do not join the discussion of intertwined claims estop-pel.